Kathleen M. Kundar (KK1674)
Jami L. Mevorah (JM0527)
FOX HORAN & CAMERINI LLP
825 Third Avenue
New York, New York 10022
Phone: (212) 480-4800
Fax: (212) 269-2383
Email: kmkundar@foxlex.com
Email: jmevorah@foxlex.com

*Attorneys for Defendants G-Star Inc. and G-Star USA LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINE HAZEL S. CRUZ,<br><br>　　　　　　　　　Plaintiff,<br><br>　- against -<br><br>G-STAR INC., G-STAR USA LLC, and G-STAR RAW C.V.,<br><br>　　　　　　　　　Defendants. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL OF<br>ACTION UNDER 28 U.S.C. § 1441** |

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendants G-Star Inc. and G-Star USA LLC hereby remove the action described below to this Court, on the ground that the State Court Action, as defined herein, is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331:

　　1.　　On or about September 1, 2017, a civil proceeding was commenced by Plaintiff Christine Hazel S. Cruz ("Plaintiff") in the Supreme Court of the State of New York, County of New York, Index No. 157815/2017 (the "State Court Action"), by the filing of a Summons and

Verified Complaint. A true and correct copy of the Summons is annexed hereto as <u>Exhibit 1</u>. A true and correct copy of the Verified Complaint is annexed hereto as <u>Exhibit 2</u>.

2. Defendants G-Star Inc. and G-Star USA LLC agreed by Stipulation to accept service of the Summons and the Verified Complaint in the State Court Action on or about September 12, 2017. Pursuant to the Stipulation, Plaintiff served the Summons and the Verified Complaint upon Defendants G-Star Inc. and G-Star USA LLC on September 12, 2017. A true and correct copy of the Stipulation is annexed hereto as <u>Exhibit 3</u>. As of the date of this filing, Defendant G-Star Raw C.V. has not yet been served with process.

3. Defendants G-Star Inc. and G-Star USA LLC have not entered an appearance or filed a responsive pleading or any other papers in the State Court Action.

4. Defendant G-Star Inc. is a Delaware corporation with its principal office located at 599 Broadway, 11th Floor, New York, New York 10012.

5. Defendant G-Star USA LLC was formed as a Delaware limited liability company with its principal office located at 599 Broadway, 11th Floor, New York, New York 10012, and was merged with and into Defendant G-Star Inc. on December 31, 2012.

6. Defendant G-Star Raw C.V. (not yet served with process) is a Netherlands limited partnership with its principal office located at Joan Muyskenweg 39 1114 AN Amsterdam.

7. Plaintiff alleges that she is a resident of New York State. She began employment with Defendant G-Star USA LLC on November 1, 2012. Plaintiff was employed by Defendant G-Star USA LLC from November 1, 2012 through December 31, 2012, when Defendant G-Star USA LLC was merged with and into Defendant G-Star Inc. After Defendant G-Star USA LLC was merged with and into Defendant G-Star Inc. on December 31, 2012, Plaintiff became employed by Defendant G-Star Inc. on January 1, 2013. Plaintiff continued to be employed by

Defendant G-Star Inc. from January 1, 2013 through January 27, 2017, when Plaintiff's employment was terminated by Defendant G-Star Inc.

8. The State Court Action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. The State Court Action may be removed to this Court by Defendants G-Star Inc. and G-Star USA LLC pursuant to 28 U.S.C. § 1441 because it is a civil action that includes a claim arising under the Constitution, laws, or treaties of the United States, within the meaning of 28 U.S.C. § 1331. Specifically, Plaintiff's claim arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 *et. seq*. Moreover, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's additional claims arising under the New York Labor Law ("NYLL"), the New York City Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") because Plaintiff's claims under the NYLL, the NYCHRL, and the NYSHRL are so related to the claims in this action that are within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9. Plaintiff's Verified Complaint in the State Court Action alleges that Defendants G-Star Inc. and G-Star USA LLC violated the FLSA and the NYLL by allegedly failing to pay Plaintiff overtime compensation, allegedly withholding spread-of-hours pay, and allegedly violating New York's wage notice requirements. These claims bring into play the issue of whether Plaintiff was an "exempt" employee and thus was not entitled to overtime compensation under the FLSA or overtime compensation and spread-of-hours pay under the NYLL, as well as whether any wage notice classified Plaintiff as an "exempt" employee. The issue of Plaintiff's classification as an "exempt" employee turns on facts concerning Plaintiff's job duties and responsibilities. Plaintiff also alleges claims pursuant to the NYCHRL and the NYSHRL for

alleged gender discrimination and alleged racial discrimination in failing to promote Plaintiff to the position of Retail Account Manager. These claims also bring into play facts concerning Plaintiff's job duties and responsibilities, as well as her performance of those job duties and responsibilities, as they may have affected that Plaintiff was not promoted to the position of Retail Account Manager. Additionally, Plaintiff alleges claims pursuant to the NYCHRL and the NYSHRL for alleged discriminatory treatment, alleged discriminatory harassment, and alleged hostile work environment. Again, these claims bring into play facts concerning Plaintiff's job duties and responsibilities, as well as the effect, if any, on Plaintiff's performance of those job duties and responsibilities, as a result of the conduct alleged. Finally, Plaintiff alleges claims pursuant to the NYCHRL and the NYSHRL for alleged retaliation in terminating Plaintiff's employment. These claims also bring into play facts concerning Plaintiff's job duties and responsibilities, as well as her performance of those job duties and responsibilities, which affected the decision to terminate Plaintiff's employment. As such, the litigation of the operative facts underlying the federal claims in this action will entail the litigation of a substantial portion of the operative facts underlying the state law claims in this action.

10. This notice is filed within thirty days from the date upon which Defendants G-Star Inc. and G-Star USA LLC were served with process on September 12, 2017. Defendant G-Star Raw C.V. is the parent company and sole shareholder of Defendant G-Star Inc. and if G-Star Raw C.V. is served with process in this action, it will also remove this action from the Supreme Court of the State of New York, County of New York, to this Court.

WHEREFORE, Defendant respectfully requests that this action be removed to this Court.

Dated: October 6, 2017  
       New York, New York

FOX HORAN & CAMERINI LLP

By: _____

Kathleen M. Kundar  
825 Third Avenue  
New York, New York 10022  
Phone: (212) 480-4800  
Fax: (212) 269-2383  
Email: kmkundar@foxlex.com

*Attorneys for Defendants*  
*G-Star Inc. and G-Star USA LLC*