```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHRISTINE HAZEL S. CRUZ,                     :
                                             :
                           Plaintiff,        :      17-CV-7685 (PGG) (OTW)
                                             :
              -against-                      :      **ORDER**
                                             :
G-STAR INC., et al.,                         :
                                             :
                           Defendants.       :
                                             :
------------------------------------------------------------x
```

**ONA T. WANG, United States Magistrate Judge:**

On October 1, 2018, Plaintiff filed a Motion for Sanctions for spoliation of Plaintiff's email account and SAP login and use data. (ECF 42-46). In that motion, Plaintiff requests, in the alternative, that the Court strike Defendants' answer and enter a default judgment; strike Defendants' affirmative defenses and issue a preclusion order; or allow the jury to be given an adverse inference instruction. Plaintiff also seeks costs and attorneys' fees.

In a Report and Recommendation filed concurrently with this Order, I recommended to Judge Gardephe that Plaintiff's request for an adverse inference instruction be granted but that Plaintiff's request to strike Defendants' answer or affirmative defenses be denied. The Report and Recommendation includes a full recounting of the facts, as well as my analysis of Plaintiff's motion for spoliation sanctions. For the reasons discussed in the Report and Recommendation, this Court finds that at the time Defendants deleted Plaintiff's ESI (her work email account and SAP account), they had an obligation to preserve Plaintiff's ESI in anticipation of litigation, yet they took no reasonable steps to preserve it, and now it cannot be restored or replaced

through additional discovery. Further, Plaintiff has been prejudiced by Defendants' failure to preserve her ESI, warranting sanctions under Rule 37(e)(1).

Because Plaintiff was prejudiced by Defendants' failure to preserve her ESI, this Court may "order measures no greater than necessary to cure the prejudice," Fed. R. Civ. P. 37(e)(1), including attorney's fees and costs. An order for attorney's fees and costs under Rule 37(e)(1) is non-dispositive; thus, unlike Plaintiff's request for an adverse inference, I have authority to decide Plaintiff's request for attorney's fees and costs.[1]

Accordingly, it is **HEREBY ORDERED** that Plaintiff's request for attorney's fees and costs is **GRANTED**. Plaintiff is entitled to the attorney's fees and costs she incurred from May 2, 2018 to the present in litigating the issues of Plaintiff's email account and SAP account, including those Plaintiff incurred in connection with the instant motion. As to the amount of the award, Plaintiff shall submit her fee application by **July 18, 2019**. Defendants may submit a challenge to Plaintiff's calculation by **August 1, 2019**, and Plaintiff may reply by **August 8, 2019**.

**SO ORDERED.**

Dated: June 19, 2019  
New York, New York

_s/ Ona T. Wang_  
**Ona T. Wang**  
United States Magistrate Judge

---

[1] Pretrial matters "not dispositive of a party's claim or defense" may be referred to a magistrate judge for hearing and decision, subject to review, if timely objections are filed, by the district judge on a "clearly erroneous" or "contrary to law" standard. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "Discovery motions, including those seeking sanctions . . ., are ordinarily considered non-dispositive, and therefore fall within the grant of Rule 72(a), unless the sanction deployed disposes of a claim [or defense]." *Seena Int'l, Inc. v. One Step Up, Ltd.*, No. 15-CV-01095, 2016 WL 2865350, at *10 (S.D.N.Y. May 11, 2016) (quoting *Lan v. Time Warner, Inc.*, No. 11-CV-2870, 2016 WL 928731, at *1 (S.D.N.Y. Feb. 9, 2016) (internal citations omitted)).