UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINE HAZEL S. CRUZ,<br><br>                      Plaintiff,<br><br>- against -<br><br>G-STAR INC., G-STAR USA LLC, and G-STAR RAW C.V.,<br><br>                      Defendants. | Case No. 1:17-cv-07685 (PGG)(OTW) |

## DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE WANG'S JUNE 19, 2019 ORDER AWARDING PLAINTIFF ATTORNEYS' FEES AND COSTS

FOX HORAN & CAMERINI LLP
885 Third Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 480-4800

*Attorneys for Defendants G-Star Inc. and G-Star USA LLC*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ........................................... 3

ARGUMENT .................................................................................................................................. 3

I.    STANDARD OF REVIEW ................................................................................................ 3

II.    STANDARD OF LAW...................................................................................................... 4

III.    THIS COURT SHOULD SET ASIDE THE ORDER BECAUSE PLAINTIFF IS NOT ENTITLED TO RULE 37(E)(1) SANCTIONS ................................................................... 4

IV.    *EVEN IF* THIS COURT DOES NOT REJECT THE RR, THIS COURT SHOULD SET ASIDE THE ORDER'S AWARD OF ATTORNEYS' FEES AND COSTS INCURRED FROM MAY 2, 2018 TO THE PRESENT BECAUSE IT IS CLEARLY ERRONEOUS........................................................................................................................... 4

CONCLUSION............................................................................................................................ 6

## TABLE OF AUTHORITIES

**Cases**

*Gruss v. Zwirn*,
   2013 WL 3481350 (S.D.N.Y. July 10, 2013) (Gardephe, J.) .................................. 2

*U.S. v. Chowdhury*,
   639 F.3d 583 (2d Cir. 2011).................................................................................... 2

*WestLB AG v. BAC Fla. Bank*,
   2012 WL 3135773 (S.D.N.Y. Aug. 2, 2012).......................................................... 2

**Other**

28 U.S.C. § 636................................................................................................................ 1

Fed. R. Civ. P. 37............................................................................................................. 2

Fed. R. Civ. P. 72............................................................................................................. 1

**PRELIMINARY STATEMENT**

Defendants G-Star Inc. and G-Star USA LLC (collectively, "G-Star") object to Magistrate Judge Ona T. Wang's June 19, 2019 Order awarding Plaintiff Christine Hazel S. Cruz ("Plaintiff") "the attorney's fees and costs she incurred from May 2, 2018 to the present in litigating the issues of Plaintiff's email account and SAP account, including those Plaintiff incurred in connection with" her motion for spoliation sanctions (the "Order") in this employment litigation. *See* ECF No. 90.

The Order was granted under Fed. R. Civ. P. 37(e)(1) and was entered on the basis of Magistrate Judge Wang's June 19, 2019 Report and Recommendation on Plaintiff's motion for spoliation sanctions (the "RR"). S*ee* ECF No. 89.  The RR focused on deletion of Plaintiff's email file and SAP data.  The RR wrongly concludes that the threshold criteria for Rule 37(e) sanctions were met.

In particular, the RR wrongly found that G-Star had a duty to preserve electronic information for use in litigation beginning in October 2016 when Plaintiff made a complaint to Human Resources about work overload noting that the Director of Retail, Kendra Palmer did not "lift a finger to do her responsibility."  Matz Decl., Ex. 8.  The evidence does not indicate that, at that time, litigation was likely.  Plaintiff's email file was deleted under G-Star's routine standard practice in early March 2017 before G-Star later received notice from a lawyer that Plaintiff intended to sue.

As to restoring and replacing the deleted information -- although G-Star had no duty to preserve Plaintiff's email at the time of the deletion, during discovery, G-Star, on its own volition and cost, took the steps to reconstruct Plaintiff's email file to the extent possible (the "Reconstruction"). G-Star produced the Reconstruction to Plaintiff before the spoliation motion was filed.  The Reconstruction included cut-off messages albeit with lines of text remaining and

1

the sender and receiver showing as well as the date and time of the message. (*See* Mevorah Declaration at ECF No 92 providing a thumb drive containing Bates-labeled images of the documents in the Reconstruction to this Court.)  Thus, the messages provided the opportunity to perform word searches.  Plaintiff, however, declined to go after the word searches. Kundar Decl. Ex. K at 8.  Plaintiff's counsel never changed this position after her review of the Reconstruction and instead made the spoliation motion.  The Reconstruction provided information with sufficient potential to trace Plaintiff's email to other custodians where complete copies likely would be available.  Also, Plaintiff's email most probably could have been replaced in pertinent part by doing word searches of other custodians as offered by G-Star. *See id*. at 8.  G-Star offered this; Plaintiff did not pursue it.  *Id*.  Despite these options offered by G-Star and declined by Plaintiff, the RR finds that replacement of the email was not possible.

After litigation was commenced, the SAP data was deleted during routine cleanup, however, it was largely restored by G-Star including "tables from the SAP system showing the times Plaintiff used the SAP system to enter orders."  RR at 19.  What was not restored were login and log-out times for the running of SAP reports and report data, sought by Plaintiff for the hours she worked.  However, the login and log-out times and the running of SAP reports would only duplicate hours-related information available in other produced documents and thus the information was not essential to the litigation.

Because the threshold criteria are not met here, it is unnecessary to consider prejudice. If prejudice must be assessed, it is important to note that Plaintiff has not identified a single unavailable email that she believes would corroborate or establish her claims.  Given that Plaintiff's deposition testimony limited her harassment claims to discrete incidents which took place outside of email, this is understandable.  For the one claim that relates to a specific email,

2

plaintiff has possession of the email. *See* Matz Decl., Ex. 6. Plaintiff does not claim to have ever requested a promotion via email. For the month in which Plaintiff was discharged, many emails were located and produced.

G-Star has filed Defendants' Objections to June 19, 2019 Report and Recommendations on Plaintiff's Spoliation Motion (the "RR Objections") *See* ECF No. 91. The RR Objections cover the foregoing points in detail with factual citations and with supporting authorities. G-Star hereby incorporates the RR Objections by reference into this submission. For the reasons set forth in the RR Objections as well as the reasons stated below, the Order's award of attorneys' fees and costs to Plaintiff pursuant to Fed. R. Civ. P. 37(e)(1) should be set aside.

## **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

G-Star refers the Court to "Statement of Relevant Facts" set forth in the RR Objection. *See* ECF No. 91, pp.4 - 12.

## **ARGUMENT**

**I.     STANDARD OF REVIEW**

"A party may serve and file objections to" a magistrate judge's order "within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A) (district judge "may reconsider any [non-dispositive] pretrial matter … where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). "A ruling is 'clearly erroneous' where, 'although there is evidence to support it, the reviewing court … is left with the definite and firm conviction that a mistake has been committed." *Gruss v. Zwirn*, 2013 WL 3481350, at *5 (S.D.N.Y. July 10, 2013) (Gardephe, J.) (quoting *U.S. v. Chowdhury*, 639 F.3d 583, 585 (2d Cir. 2011)). "An order is 'contrary to law'

3

when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *WestLB AG v. BAC Fla. Bank*, 2012 WL 3135773, at *3 (S.D.N.Y. Aug. 2, 2012)).

## II. STANDARD OF LAW

The Order awards attorneys' fees and costs to Plaintiff pursuant to Fed. R. Civ. P. 37(e)(1) ("Rule 37(e)(1)"). Rule 37(e)(1) provides as follows:

> (e) If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because the party failed to take reasonable steps to preserve it, *and* it cannot be restored or replaced through additional discovery, the court:
>
>> (1) upon finding prejudice to another party from loss of the information, *may* order measures *no greater than necessary* to cure the prejudice[.]

Fed. R. Civ. P. 37(e)(1) (emphasis added).

## III. THIS COURT SHOULD SET ASIDE THE ORDER BECAUSE PLAINTIFF IS NOT ENTITLED TO RULE 37(e)(1) SANCTIONS

As set forth at length in the RR Objections, Plaintiff is not entitled to any Rule 37(e)(1) sanctions – including the attorneys' fees and costs awarded to her in the Order. *See* ECF No. 91. Because the RR must be rejected, *see id.*, the Order – which awards Rule 37(e)(1) sanctions based on the erroneous conclusions in the RR – is contrary to law and clearly erroneous. Consequently, this Court should set aside the Order.

## IV. *EVEN IF* THIS COURT DOES NOT REJECT THE RR, THIS COURT SHOULD SET ASIDE THE ORDER'S AWARD OF ATTORNEYS' FEES AND COSTS INCURRED FROM MAY 2, 2018 TO THE PRESENT BECAUSE IT IS CLEARLY ERRONEOUS

The Order awards Plaintiff attorneys' fees and costs "incurred from May 2, 2018 to the present in litigating the issues of Plaintiff's email account and SAP account[.]" ECF No. 90. This award seems to be based on the RR's suggestion that conferences, meet-and-confer calls, and motion practice could have been avoided if the deletions were disclosed earlier. *See* RR, pp.15-16.

4

This award is clearly erroneous. It is not the case that *any* court conferences, meet-and-confer calls, or motion practice would have been avoided if the deletions were disclosed earlier. The conferences held in this action on and after May 2, 2018 include: (1) a status conference before this Court on May 3, 2018, scheduled as a matter of course at a February 1, 2018 pretrial conference before anyone was aware of the deletions, *see* ECF No. 16; (2) a few meet-and-confer calls between the parties during which many discovery issues – including G-Star's issues with Plaintiff's discovery responses and document production – were discussed, not just the discovery at issue in Plaintiff's motion; (3) a June 19, 2018 telephone conference with Magistrate Judge Wang regarding the upcoming mediation, further to this Court's May 8, 2018 Order of Reference, *see* ECF No. 20; (4) a June 28, 2018 telephone conference with Magistrate Judge Wang to report, as required by Magistrate Judge Wang, that the parties did not settle, *see* ECF No. 26; and (5) an August 2, 2018 appearance before Magistrate Judge Wang – after G-Star disclosed the deletions – to address the parties' discovery disputes, *see* ECF No. 31. All of these conferences and meet-and-confer calls would have been held *even if* the deletions had been disclosed earlier. Moreover, if Plaintiff had been made aware of the deletions sooner, she simply would have filed her spoliation motion sooner. It is therefore unclear how any motion practice could or would have been avoided.

As such, the Order's award of attorneys' fees and costs incurred *from May 2, 2018* to the present is clearly erroneous and should be set aside by this Court.[1]

---

1. Nothing in this Objection is intended to waive any challenge that G-Star might raise in opposition to any fee application that may be submitted by Plaintiff pursuant to the Order. *See* ECF No. 90, p.2. G-Star reserves all rights with respect to any such fee application.

## **CONCLUSION**

For these reasons, G-Star respectfully requests that this Court set aside the Order, find that Plaintiff is not entitled to an award of attorneys' fees and costs under Rule 37(e)(1), and award G-Star any such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: July 3, 2019<br>New York, New York | Fox Horan & Camerini LLP<br>By:  /s/ Kathleen M. Kundar<br>     Kathleen M. Kundar |